# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN O. RICE,** | : | CIVIL ACTION NO. 1:10-CV-2636 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **T.R. SNIEZEK, et al.,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff commenced this action on December 27, 2010, naming as defendants the Federal Bureau of Prisons ("BOP"), T. R. Sniezek ("Sniezek"), Russell C. Hendershot ("Hendershot"), and Ellen Falzini ("Falzini"). (Doc. 1.) Presently pending is a motion to dismiss and for summary judgment filed on behalf of the BOP. (Doc. 30.) This Memorandum will address the section of the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) seeking dismissal of the complaint based on insufficient service of process. For the reasons set forth below, this portion of the motion, supported by Section VI.A. of defendant's brief (Doc. 33, at 12-16), will be denied without prejudice and plaintiff's counsel will be afforded until September 4, 2012, to amend his server's affidavit to demonstrate proof of service on the BOP. The remainder of the motion to dismiss and for summary judgment will be held in abeyance. Also addressed herein is the dismissal of defendants Sniezek, Hendershot and Falzini pursuant to Federal Rule of Civil Procedure 4(m).

I.   **Procedural History Regarding Service of Process**

Plaintiff's complaint was filed on December 27, 2010. (Doc. 1.) On May 10, 2011, the Court issued an Order notifying plaintiff and his counsel that the 120-day period for service had expired and that failure to effect service by May 27, 2011, would result in dismissal pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 12.) On May 11, 2011, plaintiff's counsel advised the Court *via* letter that because plaintiff was proceeding in forma pauperis, he expected service to be completed by the United States Marshal's Service. (Doc. 13.) On May 12, 2011, the Court issued an Order directing the Clerk of Court to prepare and forward summonses to plaintiff's counsel for service on all defendants and that counsel shall effect service forthwith. (Doc. 14.)

On June 6, 2011, plaintiff's counsel filed summonses returned executed by his process server indicating that the summonses for defendants Falzini, Sniezek, Hendershot, and the BOP were given to David Paul at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") on June 3, 2011. (Docs. 16-18.)

On July 6, 2011, plaintiff's counsel was notified by the Assistant United States Attorney ("AUSA") handling the matter of the following: "This letter is to advise you that your attempts at service upon Defendants Sniezek, Hendershot, and Falzini was [sic] defective as none of these individuals are presently employed by the Federal Bureau of Prisons and were not employees at the time your process server dropped off the service packets. Additionally, to date, you have not served either the United States Attorney's Office or the United States Attorney General as

required under the Federal Rules of Civil Procedure. Thus, until proper service has been effectuated, none of the Defendants are obligated to respond to the allegations against them." (Doc. 19, at 1-2.)

Plaintiff's counsel represents that upon receiving this correspondence, he immediately arranged for service by an alternative server, Legal Beagle, Inc., also known as American Expediting of Allentown, Pennsylvania. (Doc. 38, at 3.) Counsel contends that he also contacted the offices of Michael Tafelski of the BOP's Northeast Regional Office and was advised that process had to be personally served by a state sheriff. (Id.) The state sheriff declined to serve federal process. (Id.)

The AUSA sent a second letter to plaintiff's counsel on August 30, 2011, advising him that his service was ineffective despite receipt of a certified mail envelope containing a copy of the complaint because no proper return of service had been filed for the individual defendants or the Attorney General. (Doc. 22.)

By Order dated November 14, 2011, the Court again informed plaintiff's counsel that the time for service had passed and that failure to properly serve all defendants by December 5, 2011, would result in the dismissal of the action in accordance with Federal Rule of Civil Procedure 4(m). (Doc. 24.) On November 23, 2011, summonses were reissued.

Plaintiff's counsel arranged for the United States Marshal's Service to personally serve copies of the summonses at FCI-Schuylkill. (Doc. 38, at 4.)

On December 5, 2011, plaintiff's counsel filed copies of letters with attached mailing receipts indicating that he had mailed, *via* certified mail, a copy of the

3

complaint to the Attorney General of the United States, several offices within the Bureau of Prisons, and to the AUSA. (Doc. 25.) On December 8, 2011, a process receipt and return form was filed indicating that "Susan Melendez, U.S. Attorney Clerk" was served on December 2, 2011. (Doc. 26.) On December 29, 2011, plaintiff's counsel filed a "Certificate of Service" pursuant to the provisions of 28 U.S.C. § 1746, stating that he served "a true, correct and complete copy of the complaint in the above matter together with an original summons on the following by certified return receipt mail, postage prepaid, on November 29, 2011 and that there is attached hereto a true copy of all such letters and the originals of the receipts therefore:" "Civil Process Clerk of the United States Attorney" in Harrisburg, Pennsylvania; Attorney General of the United States, the BOP's Central Office in Washington, D.C., and the Regional Director of the BOP's Northeast Regional Office in Philadelphia, Pennsylvania. (Doc. 28.)

## I.     **Federal Rule of Civil Procedure 12(b)(5) Motion**

Federal Rule of Civil Procedure 12(b)(5) permits dismissal of a complaint when a plaintiff fails to effect service of process in a fashion compliant with Rule 4. Since "[t]he failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case," Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996), it must first be determined whether the complaint was properly served.

Pursuant to Rule 4, a plaintiff must arrange for personal service of a summons and complaint upon each defendant unless the defendant waives service.

See FED. R. CIV. P. 12(b)(5); 4(c)(1)(2); 4(d); 4(e)[1]. A plaintiff suing the United States, its agencies, corporations, officers or employees, must serve a copy of the summons and complaint upon the United States Attorney for the district where the action is brought by delivering the summons and complaint directly to the United States Attorney, to a properly designated employee of the United States Attorney, or by sending the summons and complaint *via* registered or certified mail to the civil process clerk at the United States Attorney's Office. FED. R. CIV. P. 4(i)(1)(A)(i). In addition, the plaintiff must also serve the Attorney General of the United States by registered or certified mail. FED. R. CIV. P. 4(i)(1)(B). If the plaintiff is also suing individual officers or employees of the United States, whether they are sued individually or in their official capacities, the plaintiff "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." FED. R. CIV. P. 4(i)(4). The local rules of this Court require that "immediate service of process should be effected and an affidavit of such service shall be filed within fourteen (14) days thereafter." M.D. Pa. L.R. 4.1.

---

[1] Rule 4(e) establishes the means through which a plaintiff may perform personal service of process. The rule allows a plaintiff to serve the complaint in any manner authorized by the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). In Pennsylvania, Rules 400–430 of the Pennsylvania Rules of Civil Procedure govern service of process. Rule 4(e) also allows the plaintiff to serve process by arranging for personal delivery, by leaving it with someone of suitable age at the defendant's home, or by delivering it to the defendant's authorized agent for service of process. Id., R. 4(e)(2).

In the instant matter, the BOP argues that plaintiff's counsel never filed proof of service for the Attorney General. (Doc. 39, at 7.) Rule 4(l) provides that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P. 4(l)(1). The rule further provides that "[f]ailure to prove service does not affect the validity of service. The court may permit proof of service to be amended." FED. R. CIV. P. 4(l)(2).

On December 5, 2011, plaintiff's counsel filed a letter (Doc. 25) indicating that he served the Attorney General *via* certified mail. On December 29, 2011, he filed a certificate of service (Doc. 28) indicating the same. Yet, he fails to demonstrate proof of service by filing a server's affidavit as required by the federal rules. Despite this deficiency, because Rule 4(l) is liberal with respect to allowing proof of service to be amended, plaintiff's counsel will be afforded time to file a server's affidavit as required by Rule 4(l)(1).

### III.    **Federal Rule of Civil Procedure 4(m) Dismissal**

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  Plaintiff, the party responsible for effecting service, has the burden of proof to demonstrate validity of service.  Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

On May 10, 2011, after the expiration of the 120-day time period set forth in Rule 4(m), the Court notified counsel that the complaint was subject to dismissal and afforded him time to effect service.  (Doc. 12.)  After receiving correspondence from plaintiff's counsel, explaining that he had not served the complaint because he expected service to be completed by the United States Marshal's Service, the Court directed the Clerk of Court to prepare summons and ordered counsel to serve the summons forthwith.  (Doc. 14.)  On August 30, 2011, plaintiff's counsel was notified by the AUSA that although he took measures to serve the named defendants, service was not proper.  (Doc. 22.)  Therein, the AUSA specifically notified counsel that defendants Sniezek, Hendershot, and Falzini were no longer employed by the BOP and were not employees at the time service was attempted.  (Id.)  In November, 2011, the Court again notified counsel that the 120-day period had expired and he had failed to effect service and, therefore, the complaint was subject to dismissal pursuant to Rule 4(m).  (Doc. 24.)  In its discretion, the Court then afforded plaintiff's counsel until December 5, 2011, to effect service.  (Id.)  Review of the letters (Doc. 25), United States Marshal's Service form (Doc. 26), and "Certificate of Service" reveals that plaintiff's counsel failed to effect proper service on the defendants Sniezek, Hendershot, and Falzini.

District courts conduct a two-part analysis when determining whether to extend the time for service of a summons and complaint.  Boley v. Kaymark, 123 F.3d 756, 758 ( 3d Cir. 1997.)  First, the district court must determine "whether good cause exists for a plaintiff's failure to effect timely service."  Id.  If good cause does not exist, the district court must then "consider whether to grant a discretionary extension of time."  Id.

A showing of good cause "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).  For purposes of Rule 4(m), "good cause" has been defined as tantamount to "excusable neglect," under Federal Rule of Civil Procedure 6(b)(1)(B)[2], which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  MCI Telecomms. Corp., 71 F.3d at 1097.  Inadvertence and lack of diligent counsel are insufficient to establish good cause for an extension of time to serve process.  Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987).  In determining good cause, courts have considered such factors as "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to

---

[2] In MCI Telecomm. Corp., the rule is cited as FED. R. CIV. P. 6(b)(2).  Id. at 1097.  The rule permitting a court to extend time for "excusable neglect" now appears under subsection (b)(1) (B).

serve." MCI Telecomms. Corp., 71 F.3d at 1097. Indeed, the "primary focus" of the good cause inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." Boley, 123 F.3d at 758 (quoting MCI Telecomms. Corp., 71 F.3d at 1097).

Beyond his initial explanation that he mistakenly believed that the United States Marshal's Service would effect service, plaintiff's counsel has offered no explanation as to why he was unable to comply with the requirements of Rule 4 with respect to the individual defendants. Consequently, no good cause exists. Further, despite being given multiple opportunities to serve the individual defendants, he has failed to do so. As such, no additional extension of time to effect service is warranted and defendants Sniezek, Hendershot, and Falzini will be dismissed from this action pursuant to Federal Rule of Civil Procedure 4 (m).

## III.   Conclusion

Based on the foregoing, defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) will be conditionally denied and plaintiff's counsel will be afforded until September 4, 2012, to amend his server's affidavit in accordance with Federal Rule of Civil Procedure 4(l)(1) to establish proof of service on the BOP.

Defendants Sniezek, Hendershot, and Falzini will be dismissed from this action pursuant to Federal Rule of Civil Procedure 4 (m).

An appropriate order will issue.

S/ Christopher C. Conner<br>
CHRISTOPHER C. CONNER<br>
United States District Judge

Dated: August 23, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN O. RICE,** | : | **CIVIL ACTION NO. 1:10-CV-2636** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **T.R. SNIEZEK, et al.,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 23rd day of August, 2012, upon consideration of the section of defendant's motion to dismiss and for summary judgment (Doc. 30) brought pursuant to Federal Rule of Civil Procedure 12(b)(5), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The section of defendant's motion (Doc. 30) brought pursuant to Federal Rule of Civil Procedure 12(b)(5) is DENIED without prejudice.

2. Plaintiff's counsel shall FILE on or before September 4, 2012, a proper server's affidavit demonstrating proof of service on the BOP. FED. R. CIV. P. 4(l)(1).

3. Failure to comply with this order will result in granting defendant's Rule 12(b)(5) motion.

4. The remainder of defendant's motion to dismiss and for summary judgment is HELD IN ABEYANCE.

5. The complaint against defendants Sniezek, Hendershot, and Falzini is DISMISSED in its entirety pursuant to Federal Rule of Civil Procedure 4(m).

                                          S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge