# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN O. RICE,** : | **CIVIL ACTION NO. 1:10-CV-2636** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **T.R. SNIEZEK, et al.,** : | |
| **Defendants** : | |

## **ORDER**

AND NOW, this 17th day of September, 2012, upon consideration of defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), and for summary judgment (Doc. 30), which was held in abeyance with respect to the Federal Bureau of Prisons ("BOP")[1] (Doc. 44), pending the filing of a proper server's affidavit demonstrating proof of service on the Attorney General in accordance with Federal Rule of Civil Procedure 4(l)(1), and the supplemental certificate of service having been filed (Doc. 45), and it appearing that plaintiff fails to prove service on the Attorney General by registered or certified mail, Federal Rule of Civil Procedure 4(i)(1)(B); 4(i)(2), within the time frame established by

---

[1] The BOP is the sole remaining defendant.

Federal Rule of Civil Procedure 4(m)[2], and it further appearing that plaintiff fails to demonstrate that good cause exists for the failure to effect timely service[3], it is hereby ORDERED that:

---

[2]Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Plaintiff, the party responsible for effecting service, has the burden of proof to demonstrate validity of service. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

[3]A showing of good cause "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). For purposes of Rule 4(m), "good cause" has been defined as tantamount to "excusable neglect," under Federal Rule of Civil Procedure 6(b)(1)(B), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp., 71 F.3d at 1097. Inadvertence and lack of diligent counsel are insufficient to establish good cause for an extension of time to serve process. Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987). In determining good cause, courts have considered such factors as "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." MCI Telecomms. Corp., 71 F.3d at 1097. Indeed, the "primary focus" of the good cause inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." Boley, 123 F.3d at 758 (quoting MCI Telecomms. Corp., 71 F.3d at 1097).

   Beyond his initial explanation that he mistakenly believed that the United States Marshal's Service would effect service, plaintiff's counsel has offered no explanation for his failure to comply with the requirements of Rule 4. Consequently, no good cause exists. Further, despite being given multiple opportunities to serve the BOP, he has failed to do so. As such, no additional extension of time to effect service is warranted.

1. Defendants' Rule 12(b)(5) motion (Doc. 30) is GRANTED.

2. The complaint against the BOP is DISMISSED in its entirety pursuant to Federal Rule of Civil Procedure 4(m).

3. Plaintiff's motion (Doc. 46) to expedite discovery is DENIED.

4. The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge